[759 NYS2d 406]

In the Matter of BRADFORD JAY BARNEYS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 7, 2003

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Associate Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Bradford J. Barneys*, Washington, D.C., respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on January 9, 1992. By order entered August 28, 2002, respondent was disbarred by the Court of Appeals of the State of Maryland for misconduct that included engaging in the unauthorized practice of law during the pendency of his application for admission in Maryland. This Court, upon receipt of a certified copy of the decision and order of disbarment, directed respondent, by order entered November 25, 2002, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent appeared before this Court, pro se, and argued that the imposition of reciprocal discipline would be unjust.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct or that the imposition of discipline would be unjust. We find that respondent was not deprived of due process of law in the Maryland proceeding. He was given notice of the charges against him and was afforded a hearing. Additionally, the material facts are not in dispute and constitute sufficient proof that respondent committed the misconduct. We agree with respondent, however, that the imposition of the sanction of disbarment in the circumstances of this case would be unjust.

Accordingly, after consideration of all of the factors in this matter, including the acceptance by respondent of responsibility for his misconduct and his expression of extreme remorse, we conclude that respondent should be suspended for one year and until further order of the Court.

PINE, J.P., HURLBUTT, KEHOE, BURNS and HAYES, JJ., concur.

Order of suspension entered.