[928 NYS2d 598]

In the Matter of SIRINA A. SUCKLAL (Admitted as SIRINA ALETHIA SUCKLAL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 23, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Maryland Court of Appeals, by opinion filed January 25, 2011 (418 Md 1, 12 A3d 650 [2011]), disbarred the respondent from the practice of law in the State of Maryland for misconduct which included the unauthorized practice of law. The respondent is not admitted to the Maryland bar.

On July 16, 2009, the Attorney Grievance Commission of Maryland (hereinafter the Commission) filed a petition for disciplinary action or remedial action against the respondent. On July 20, 2009, the Maryland Court of Appeals directed that the charges against the respondent be heard by Judge C. Philip Nichols, Jr., of the Seventh Judicial Circuit. On July 30, 2009, the Clerk of the Court for Prince George's County issued a writ of summons (hereinafter the writ) to be served on the respondent. The writ was personally served on the respondent on December 7, 2009. On February 22, 2010, an order of default was filed and a notice of default order was mailed to the respondent.

On March 11, 2010, the respondent moved to vacate the order of default, claiming she was never served with the writ. Under her signature was written the following:

"Sirina Sucklal, Esq. (Ret.)
8511 Autumn Grain Gate
Laurel, MD 20723"

The Commission responded by attaching, inter alia, a detailed affidavit of service. The respondent thereafter filed a motion to dismiss for lack of jurisdiction or in the alternative to vacate the order of default on March 30, 2010. The respondent objected on jurisdictional grounds.

On April 14, 2010, after confirming that the respondent failed to appear at the hearing scheduled on that date, and after hearing the testimony of the process server, Judge Nichols denied the respondent's motions. He thereafter received evidence presented by the Commission in support of its complaint. By order filed July 1, 2010, Judge Nichols issued findings of fact and conclusions of law in which he concluded that the respondent violated rules 1.4 (b), 1.5 (a), 5.5 (a), (b), (c) and (d) and 7.1, 7.5 (a) and 8.4 (b), (c) and (d) of the Maryland Lawyers' Rules of Professional Conduct (hereinafter MRPC) (Maryland Rules rule 16-812).

By opinion filed January 25, 2011, the Maryland Court of Appeals rejected the respondent's defense of lack of jurisdiction,

and determined that the following facts have been both "admitted" pursuant to Maryland Rules rules 16-754 (c) and 2-323 (e) and found by Judge Nichols as a result of the evidence presented and received at the April 14, 2010 hearing.

The Maryland Court of Appeals found that the respondent violated MRPC rule 5.5 by establishing an office for the practice of law and by representing that she was admitted to practice law in the State of Maryland, as well as having violated MRPC rule 7.1, which prohibits a lawyer from making a false or misleading communication about the lawyer or the lawyer's services, and MRPC rule 7.5, which prohibits a lawyer from using a professional designation that violates MPRC rule 7.1.

Although not a member of the Maryland bar, in August 2007, the respondent established the "Sucklal Law Firm, LLC," in Rockville, Maryland.

On August 7, 2007, in the District Court of Maryland for Baltimore City, the respondent filed a complaint on behalf of C. Ovid Trouth against Corey Belcher. On papers filed with the court, the respondent identified herself as "Sirina Sucklal, Esq. Attorney for the Plaintiff." On March 4, 2008, the District Court received a motion signed by the respondent requesting to withdraw from the case. The motion was denied with leave to re-submit on procedural grounds. The case was subsequently dismissed for lack of prosecution.

The respondent also represented to Ella Smith and Paulet Powell that she was admitted to the Maryland bar. In her dealings with Smith and Powell, the Maryland Court of Appeals determined that the respondent violated MRPC rule 8.4 (a), (b), (c) and (d), which provides that a lawyer commits professional misconduct if he or she (a) violates the Maryland Lawyers' Rules of Professional Conduct, (b) commits a criminal act that reflects adversely on his or her honesty (practicing law without being admitted to the Maryland bar is a misdemeanor proscribed by section 10-601 [a] of the Business Occupations and Professions article of the Maryland Code), (c) engages in conduct involving dishonesty, fraud, deceit, or misrepresentation, or (d) engages in conduct that is prejudicial to the administration of justice.

Smith, a former employee of Howard University, met the respondent in 2003 when the respondent was also employed at that institution. In 2005, the respondent borrowed more than $8,500 from Smith, which was memorialized in a written note dated December 5, 2005, and signed by both parties. The note provided that the sums of $2,060 and $6,554.79 were due and

payable on January 15, 2006. The respondent did not repay the loan on January 15, 2006, or any time thereafter.

On January 20, 2006, while purchasing her Laurel residence, the respondent misrepresented that she and Smith would each have an equal "tenancy in common" interest in the property and, by promising to "remove [Smith's] name" in the near future, induced Smith to sign two deeds of trust in which Smith assumed responsibility for payment of $662,600 to the Fremont Investment & Loan Company. As a result of the respondent's subsequent failure or refusal to make the required mortgage payments, Smith's credit has been "ruined."

Powell retained the respondent to provide legal services to Powell and her son in connection with their efforts to renovate an investment property in Baltimore City. The respondent, who claimed to have "expertise" in that area of law, did not answer Powell when she asked what she would charge for her services. Powell was never informed that the respondent's fee would be $375 per hour, and never agreed to such a rate. On October 21, 2008, the respondent filed a complaint in the District Court of Maryland for Howard County, seeking to recover various fees. Attached to the complaint were four invoices identifying the respondent as "Attorney/Consultant" and indicating her fees were $375 per hour. While the invoices attached to the complaint do not identify the respondent as an attorney per se, the invoices presented to Powell before the action was filed identified the respondent as an "Attorney At Law." The case was dismissed when the respondent failed to appear for trial. With regard to Powell, the Maryland Court of Appeals determined that the respondent also violated MRPC rule 1.5 (a), which prohibits a lawyer from charging an excessive fee; MRPC rule 1.5 (b), which requires a lawyer to communicate to a client the fee to be charged before or within a reasonable time after the lawyer commences the representation; and MRPC rule 1.4 (b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions.

After conducting a de novo review of the record, the Maryland Court of Appeals concluded that the appropriate sanction was disbarment. That the respondent was not admitted to the Maryland bar was of no consequence to its determination. Pursuant to Maryland Rules rule 16-760 (c) (9), the order of disbarment operates as an immediate directive for the respondent to notify the disciplinary authority in each jurisdiction in which she is admitted to practice of the disciplinary sanction imposed by the court.

The instant notice was served via first class mail on the respondent on or about February 24, 2011. More than 20 days have elapsed since service of the notice. The respondent has not submitted a verified statement or requested additional time in which to respond. Accordingly, there is no impediment at this juncture to the imposition of reciprocal discipline.

It should be noted that Maryland Rules rule 16-701 (a) defines "Attorney" as

> "a person admitted by the Court of Appeals to practice law in this State. For purposes of discipline or inactive status, the term also includes a person not admitted by the Court of Appeals who engages in the practice of law in this State, or who holds himself or herself out as practicing law in this State, or who has the obligation of supervision or control over another lawyer who engages in the practice of law in this State."

Further, Maryland Rules rule 16-701 (e) defines "Disbarment" as follows, "the unconditional termination of any privilege to practice law in this State and, when applied to an attorney not admitted by the Court of Appeals to practice law, means the unconditional exclusion from the admission to or the exercise of any privilege to practice law in this State."

Records maintained by the New York State Office of Court Administration reflect a Maryland business address for the respondent, and no New York address.

Under the circumstances, the petitioner's application to impose reciprocal discipline is granted and the respondent is suspended from the practice of law for a period of one year based on the order of disbarment of the Maryland Court of Appeals (see Matter of Alsafty, 5 AD3d 976 [2004]; Matter of Barneys, 304 AD2d 31 [2003]).

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further

Ordered that the respondent, Sirina A. Sucklal, admitted as Sirina Alethia Sucklal, is suspended from the practice of law for a period of one year, commencing September 23, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 23, 2012, and such application shall include satisfactory proof that during

the said period the respondent (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Sirina A. Sucklal, admitted as Sirina Alethia Sucklal, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension until further order of the court, the respondent, Sirina A. Sucklal, admitted as Sirina Alethia Sucklal, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Sirina A. Sucklal, admitted as Sirina Alethia Sucklal, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).