OPINION OF THE COURT
F. Warren Travers, J.
Petitioner seeks an order of this court in the nature of mandamus directing the respondent to deliver to him copies of *535 all records on file with respondent relating to pistol permit applications and gun dealer license applications. Petitioner further seeks a permanent injunction preventing the respondent from participating in the pistol permit process.
Petitioner contends it would be more efficient if the Sheriffs Department had sole responsibility for each phase of the licensing process. Petitioner further contends that the Sheriffs Department could handle the processing of such applications without any increase in budget or staff. Petitioner asserts that the Sheriffs Department can respond to an emergency complaint or inquiry on a 24-hour basis; that the County Clerk cannot do so. Petitioner contends the public is confused by the requirement that an applicant must go to different offices for various parts of the process.
Previously, a pistol permit clerk was employed within the office of the County Court Judge. That position was eliminated by the Office of Court Administration. The County of Rensselaer assumed responsibility for the funding of a person to perform the clerical duties associated with the process. The County of Rensselaer funded that position within the office of the County Clerk.
Respondent objects to the relief requested. Respondent asserts that the permit process is well managed and efficient. Respondent contends the court should not interfere with a coordinate governmental body. Respondent further contends that he is following the regulation and policy prescribed for the processing of pistol permit and gun dealer applications issued by the District Administrative Judge. Respondent contends that the Sheriff’s Department is only open for limited hours for pistol permit purposes and such limited availability is an inconvenience to the public.
Penal Law § 400.00 contains detailed and extensive Statewide regulation of firearms. Subdivision (1) provides that "No license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true.” Subdivision (3) among other matters requires very specific information be contained in the application. Subdivision (4) provides for "an investigation of all statements required in the application by the duly constituted police authorities of the locality where [the] application is made.” Such subdivision further requires "the investigating officer shall take the fingerprints and physical descriptive data”.
*536 Penal Law § 400.00 (4-a) provides for the processing of license applications. Such section provides "Applications for licenses shall be accepted for processing by the licensing officer at the time of presentment”. Subdivision (5) requires that "[t]he application for any license, if granted, shall be a public record. Such application shall be filed by the licensing officer with the clerk of the county of issuance”.
Penal Law § 265.00 (10) defines "Licensing officer”. As applied to Rensselaer County, that term includes any Judge or Justice of a court of record having his office in the county of issuance. By custom, the licensing officer in Rensselaer County has been limited to the Rensselaer County Court Judge.
The granting of pistol permits and gun dealer licenses is a quasi-judicial function of the court. Applications are to be processed by the licensing officer pursuant to statute. Inherent in the processing requirement is the power of the licensing officer to determine the clerical requirements necessary to assist in the determination to approve or deny the application. The licensing officer must, however, be constrained by budget appropriations for such purpose.
A preemptory order of mandamus may be granted only to enforce a clear legal right. Mandamus issues to compel the performance of an official duty clearly imposed by law, where there is no other adequate specific remedy. The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of reasonable doubt or controversy (Matter of Burr v Voorhis, 229 NY 382). Mandamus is appropriate only where the right to relief is clear and the duty commanded to be performed involves no exercise of discretion (Matter of Kupersmith v Public Health Council, 101 AD2d 918). The act must be ministerial, nondiscretionary, and performance in a specific manner must be mandated (Matter of Brown v New York State Dept. of Social Servs., 106 AD2d 740). A ministerial act amenable to mandamus has been defined as -a specific act which the law requires a public officer to do in a specified way on conceded facts without regard to his own judgment (Matter of Posner v Levitt, 37 AD2d 331).
In the matter before the court, the Penal Law provides very specific duties for both the petitioner and respondent with respect to the investigation and filing of pistol permit and gun dealer applications. The method by which the parts of the process are blended is left to the licensing officer to determine. This court does not find any violation of the statutory require *537 ments of Penal Law § 400.00 relative to the processing of applications. Nor does this court find any clear statutory right of the petitioner to obtain copies of all applications nor any right to be the sole agency involved in the processing of license applications pursuant to Penal Law § 400.00.
The licensing officer is granted discretion to devise a method by which the purposes of Penal Law § 400.00 are to be achieved. The issues raised concerning public convenience, efficiency, accessibility have presumably been considered by the licensing officer in devising the method by which pistol permits and gun dealer applications are processed.
The petitioner has failed to demonstrate any clear legal right to the relief requested. Accordingly, the relief requested is denied and the petition dismissed.