■ In the Matter of PATRIZIO DiMONDA, Petitioner, v WILLIAM BRISTOL, as Licensing Officer, Respondent. [631 NYS2d 968] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: We reject the contention that respondent acted arbitrarily and capriciously in denying petitioner's application for a pistol permit. A licensing officer has broad discretion whether to grant or deny a permit under Penal Law § 400.00 (1) *(Matter of Fromson v Nelson,* 178 AD2d 479; *Matter of Covell v Aison,* 153 AD2d 1001, *lv denied* 74 NY2d 615). The failure of petitioner to report on his application a prior arrest for driving while intoxicated provided a sufficient basis to deny the application *(see, Matter of Conciatori v Brown,* 201 AD2d 323; *Matter of Willis v Treder,* 127 AD2d 667; *Matter of Anderson v Mogavero,* 116 AD2d 885). Respondent's rejection of the explanation of petitioner that he did not understand that he had been arrested when he was given an appearance ticket, especially in view of the fact that petitioner was thereafter convicted of a lesser count, was not arbitrary and capricious and was not made "without sound basis in reason [or] * * * without regard to the facts" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *see, Matter of Marlow v Buckley,* 105 AD2d 1160; *Matter of Bernstein v Police Dept.,* 85 AD2d 574).

Petitioner did not dispute the factual basis for denial of his application but sought a hearing to explain further his misunderstanding. That request was denied by respondent. Penal Law § 400.00 (4-a) requires that respondent "either deny the application for reasons specifically and concisely stated in writing or grant the application and issue the license applied for" *(see, Davis v Clyne,* 56 AD2d 692). That requirement is met when "[t]he petitioner [is] given the specific reasons for the denial of the pistol license, and given an opportunity to respond to the objections to [his] application" *(Matter of Savitch v Lange,* 114 AD2d 372, 373). Because petitioner received a specific reason for the denial of his application and an opportunity to respond, his contention that he was denied due process is without merit. (Original CPLR art 78 Proceeding—Pistol Permit.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.