█ In the Matter of ARTHUR LA GRANGE, Petitioner, v J. MICHAEL BRUHN, as Judge of the County Court of the County of Ulster, Respondent. [714 NYS2d 392] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

On June 29, 1999, petitioner was arrested and charged with criminal possession of a weapon in the second degree, menacing in the second degree and reckless endangerment in the second degree grounded upon a police officer's allegation that petitioner had pointed a pistol at him. The matter was presented to a Grand Jury at which time petitioner, his wife, two neighbors and the arresting police officer testified. No indictment resulted. Thereafter, the District Attorney moved for revocation of petitioner's pistol permit pursuant to CPL 530.14. When it became apparent that the cited section was inapplicable, respondent noted that revocation could be pursued under Penal Law § 400.00.

The District Attorney's affirmation in support of the application detailed the facts and circumstances surrounding petitioner's arrest. At the hearing, the District Attorney merely reiterated the factual allegations contained in his affirmation; no documentary or testimonial evidence was proffered in support—not even a police report (*see*, *Matter of Demyan v Monroe*, 108 AD2d 1004, 1005). He did, however, advise respondent that "if Your Honor so deems and so orders the People would be able to make available the grand jury minutes * * * for your in camera inspection." Respondent neither entered such an order nor requested the minutes on the record. Petitioner,

however, requested a hearing concerning respondent's initiative to revoke his permit pursuant to Penal Law § 400.00. He was advised that the hearing had just taken place and that respondent would make his decision by relying on the evidence presented at the hearing.

Respondent issued a decision revoking petitioner's pistol permit pursuant to Penal Law § 400.00 (11) and denying the People's application for revocation pursuant to CPL 530.14. Despite having advised petitioner that he would rely on the evidence presented at the hearing, respondent's articulated basis for the determination was as follows: "Because of the allegations made against this licensee, this Court has found it appropriate to review the Grand Jury minutes pertaining to the criminal charges filed against him. After such review, this Court finds that in exercise of its discretion, it is appropriate to revoke the pistol license of Arthur La Grange."

While we agree that the dismissal of the criminal proceeding does not operate as a bar to any subsequent administrative proceeding to revoke a license based upon the circumstances underlying the criminal charges (see, Matter of Zalmanov v Bratton, 240 AD2d 173), due process requires that petitioner be "given notice of the charges and evidence against him, and * * * an opportunity to appear with his lawyer to rebut the charges" (Matter of Burke v Colabella, 113 AD2d 794, 795), even without the cloak of a formal evidentiary hearing (see, Matter of Dlugosz v Scarano, 255 AD2d 747, appeal dismissed 93 NY2d 847, lv denied 93 NY2d 809, cert denied 528 US 1079).

As respondent's determination was grounded upon evidence which was never presented at the hearing, we must annul the determination rendered. Having so determined, we need not reach the other challenges raised.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.