[732 NYS2d 293]

In the Matter of MARK DAVID BLUM, an Attorney, Respondent.

Fourth Department, September 28, 2001

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Mark David Blum,* Fayetteville, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 9, 1992, and maintains an office for the practice of

law in Fayetteville. This Court, upon receipt of a certified copy of disciplinary decision and order of the United States District Court for the Northern District of New York (District Court) suspending respondent for a period of two years, effective April 30, 2001, directed respondent, by order entered April 23, 2001, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent appeared, *pro se*, before this Court and argued that he was denied due process in the District Court proceeding, that there was a substantial failure of proof in the District Court proceeding and that the imposition of reciprocal discipline would be unjust. Respondent also raised matters in mitigation.

Respondent was disciplined by the District Court for lying to a District Court Judge during the course of a trial, in violation of DR 1-102 (A) (4), (5), (6), DR 7-102 (A) (5), and DR 7-106 (C) (6) of the American Bar Association's Model Code of Professional Responsibility (Model Code) and for making false representations to a client concerning a District Court Magistrate, in violation of DR 8-102 (B) of the Model Code.

Pursuant to 22 NYCRR 1022.22, this Court may discipline an attorney disciplined by a foreign jurisdiction for the underlying misconduct unless we find that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct or that the imposition of discipline would be unjust.

Upon our review of the record and consideration of the material submitted by respondent, we find that respondent was not deprived of due process of law in the District Court proceeding. Respondent was given notice of the charges against him and an opportunity to be heard. We also find that there was sufficient proof that the attorney committed the misconduct. There is no material dispute concerning the underlying facts. Finally, we find that the imposition of reciprocal discipline would not be unjust. By his conduct, respondent has demonstrated a disregard and disrespect for the judiciary, and there is an absence of genuine remorse.

After consideration of all the factors in this matter, including respondent's previously unblemished record, we conclude that respondent should be suspended for a period of 18 months and until further order of the Court.

GREEN, J. P., PINE, WISNER, SCUDDER and BURNS, JJ., concur.

Order of suspension entered.