■ In the Matter of RICHARD J. VALE, Petitioner, v MICHAEL C. EIDENS, as Judge of the County Court of Schenectady County, et al., Respondents. [735 NYS2d 650] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review, inter alia, a determination of respondent Schenectady County Judge which denied petitioner's application for a pistol permit.

In this CPLR article 78 proceeding commenced in this Court,

petitioner challenges the denial of his pistol permit application by respondent Schenectady County Judge (hereinafter respondent), as well as the denial of access to his permit application file by respondent Schenectady County Clerk. Finding no merit to any of the contentions raised by petitioner, we find that the determinations should be confirmed and the petition dismissed.

First, petitioner's contention that he was not given an adequate opportunity to respond to the denial of his application has been examined and found to be lacking in merit. Petitioner was informed in writing that the reason for the denial of his application was his "criminal and personal background" (*see, Matter of DiMonda v Bristol*, 219 AD2d 830). After this initial denial, he was given an opportunity to discuss the matter directly with respondent (*compare, Matter of Novick v Hillery*, 183 AD2d 1007) and also given the opportunity to submit additional information and documentation (*see, Matter of Dlugosz v Scarano*, 255 AD2d 747, *appeal dismissed* 93 NY2d 847, *lv denied* 93 NY2d 809, *cert denied* 528 US 1079; *Matter of DiMonda v Bristol, supra*). Thus, he was not denied an opportunity to be heard on this issue.

Next, we note that respondent is vested with considerable discretion in ruling on a permit application and may deny it for any good cause (*see, Matter of Boyark v Czajka*, 248 AD2d 772). In this context, we are unable to conclude, upon review of the record, that such discretion was improvidently exercised here. Petitioner's criminal background included three arrests in a 14-month period within the five years preceding his application (petitioner was twice arrested for aggravated harassment and once for harassment).[1] Notwithstanding petitioner's explanations for these arrests, respondent was entitled to consider the circumstances surrounding each in determining his suitability for a pistol permit and to deny the requested permit because of same (*see, e.g., Matter of Servedio v Bratton*, 268 AD2d 356; *Theurer v Safir*, 254 AD2d 89, 90; *Matter of Madden v Marlow*, 214 AD2d 735).

Petitioner's personal background included a conflict-ridden relationship with a drug-addicted woman (Sheryl Toyloy) whom he permitted to live in his home with her young child despite repeated incidences of her stealing money and personal items from him and despite his knowledge that drug dealers were calling her there. Indeed, it is fair to assume that Toyloy's drug activity resulted in her being murdered in petitioner's home

---

**1.** Despite the parties' arguments on this point, there is no indication in the record that petitioner's application was denied because he failed to make a showing of "proper cause" for the pistol permit.

and petitioner being burglarized, robbed and assaulted.[2] Under these circumstances, we find no abuse of discretion in the denial of the application.[3]

As a final matter, petitioner cites no statutory or decisional authority to support his claim that he must be given access to his entire "pistol permit file." Indeed, no provision of Penal Law article 400 itself permits an unsuccessful applicant such access to a licensing officer's entire file (compare, Penal Law § 400.00 [5]). Moreover, as a licensing officer's file would necessarily include confidential information revealed about the applicant during the investigative process (see, Penal Law § 400.00 [4]), particularly information derived from the applicant's character references, who are advised that all information provided by them "will be strictly confidential" and who sign the character reference form knowing that the making of any false statement would subject them to criminal sanctions under Penal Law § 210.45, we reject petitioner's claim that the County Clerk was required to grant him access to it (see generally, Matter of Grossman v McMahon, 261 AD2d 54, 57-58).

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

2. The crimes were committed by three individuals, one of whom had "a drug-related relationship" with Toyloy (People v Jeanty, 268 AD2d 675, 675, lv denied 94 NY2d 949) and had been visiting her in petitioner's home on the day of the crimes at which time he unlocked a window to permit reentry to rob the house.

3. It appears that petitioner was aware that the circumstances surrounding the murder, robbery and assault in his home were being considered by respondent in evaluating petitioner's application as evidenced by a letter his counsel sent to respondent wherein counsel noted that "each of the criminals who invaded [petitioner's] house * * * has been sentenced to prison."