In the Matter of Fahman H. Salem, Petitioner, v Frank P. Geraci, Jr., as Monroe County Court Judge, Respondent. [810 NYS2d 763]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul the determination of respondent revoking petitioner's firearms permit.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding to annul the determination revoking his firearms permit. The record establishes that respondent initially suspended petitioner's permit after petitioner was arrested for menacing in the second degree, and respondent advised petitioner that he was entitled

to request a hearing within 10 days if he wished to contest the suspension. Respondent further advised petitioner that his firearms permit would be revoked automatically in the event that petitioner did not request a hearing during that 10-day period. Petitioner did not request a hearing, and respondent thereafter revoked his firearms permit. By application dated over two months later, petitioner sought reinstatement of his permit and requested a hearing, and he commenced this proceeding challenging the determination denying his application. Contrary to the contention of petitioner, his due process rights were not violated and respondent did not abuse his discretion or act in an arbitrary or capricious manner in denying his application (*see generally Matter of Dlugosz v Scarano*, 255 AD2d 747, 748 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 809 [1999], *cert denied* 528 US 1079 [2000]). "It is well settled that a formal hearing is not required prior to the revocation of a pistol permit as long as the licensee is given notice of the charges and has an adequate opportunity to submit proof in response" (*id.*), and the record establishes that petitioner received the requisite notice of the charges and did not request a hearing although offered the opportunity to do so. In any event, were we to reach the merits of the propriety of the revocation, we would conclude based on the record before us that petitioner "lack[s] the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Peterson v Kavanagh*, 21 AD3d 617, 618 [2005] [internal quotation marks omitted]; *see generally Matter of Hassig v Nicandri*, 2 AD3d 1118, 1119 [2003], *lv denied* 2 NY3d 701 [2004]; *Matter of Vale v Eidens*, 290 AD2d 612, 613 [2002]; *Matter of Madden v Marlow*, 214 AD2d 735 [1995]). Present—Hurlbutt, J.P., Gorski, Green, Pine and Hayes, JJ.