■ In the Matter of VINCENT H. PAPINEAU, JR., Petitioner, v KIM MARTUSEWICZ, as Jefferson County Court Judge, et al., Respondents. [825 NYS2d 630]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent Jefferson County Court Judge Kim Martusewicz denying petitioner's application for a pistol permit.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of Kim Martusewicz, Jefferson County Court Judge (respondent), denying petitioner's application for a pistol permit. Contrary to the contention of petitioner, the determination is not arbitrary and capricious. A licensing officer has broad discretion in determining whether to grant or deny a permit under Penal Law § 400.00 (1) (see Matter of Fromson v Nelson, 178 AD2d 479 [1991]; Matter of Covell v Aison, 153 AD2d 1001 [1989], lv denied 74 NY2d 615 [1989]). The failure of petitioner to report on his application two prior arrests provided a sufficient basis to deny the application (see Matter of DiMonda v Bristol, 219 AD2d 830 [1995]; Matter of Conciatori v Brown, 201 AD2d 323 [1994]; Matter of Willis v Treder, 127 AD2d 667 [1987], lv denied 69 NY2d 611 [1987]; Matter of Anderson v Mogavero, 116 AD2d 885 [1986]). Contrary to the further contention of petitioner, he was not denied due process by respondent's denial of his request for a hearing to contest the determination. Petitioner did not dispute the factual basis for denial of his application but sought a hearing to explain the reasons for his failure to report the two prior arrests. Although petitioner's request for a hearing was denied by respondent, petitioner's two letters of explanation were considered by respondent, who adhered to his initial determination. We thus conclude that petitioner was provided with a suf-

ficient opportunity to respond (*see DiMonda*, 219 AD2d at 831). Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.