[874 NYS2d 338]

In the Matter of MONTGOMERY BLAIR SIBLEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 6, 2009

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Montgomery Blair Sibley*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982. By order entered March 7, 2008 (979 So 2d 221 [Fla 2008]), respondent was suspended by the Supreme Court of Florida for a period of three years, effective 30 days from the date of the order, for willfully refusing in violation of court orders to timely pay a child support obligation and for initiating and pursuing meritless litigation.

This Court, upon receipt of a certified copy of the Florida order, directed respondent, by order entered September 17, 2008, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent filed papers in response to the order and appeared before this Court. He argued that he was denied due process of law in the Florida proceeding, that there was a failure of proof in that proceeding and that the imposition of reciprocal discipline in these circumstances would be unjust.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find "that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust."

We find that respondent was not deprived of due process of law in the Florida proceeding. He received notice of the charges against him and was afforded an opportunity to be heard (*see Matter of Barneys*, 304 AD2d 31 [2003]; *Matter of Blum*, 286 AD2d 33 [2001]). Although respondent contends that the hearing proceeded in his absence, he does not dispute that he received notice of both the scheduled date of the hearing and of the denial of his motion for a continuance of the hearing.

Nor can it be said that there was an infirmity of proof in the Florida proceeding with respect to the underlying misconduct. The findings of misconduct are based upon orders that have been affirmed on appeal (*see Sibley v Sibley*, 885 So 2d 980 [Fla 2004], *review denied* 901 So 2d 120 [Fla 2005], *cert denied* 546 US 813 [2005]; *Sibley v Sibley*, 833 So 2d 847 [Fla 2002], *review denied* 854 So 2d 660 [Fla 2003], *cert denied* 540 US 1109 [2004]). Respondent, in this proceeding for the imposition of re-

ciprocal discipline, may not relitigate the issues raised and determined in the courts of a sister state.

Finally, we find that the imposition of reciprocal discipline would not be unjust. Respondent, by his conduct, has demonstrated his disregard and disrespect for the judiciary as well as his absence of remorse (*see Matter of Blum*, 286 AD2d 33 [2001]).

After consideration of all of the factors in this matter, we conclude that respondent should be suspended until further order of the Court, effective immediately, without leave to apply for reinstatement until such time as he has been reinstated to the practice of law in Florida.

HURLBUTT, J.P., CENTRA, PERADOTTO, PINE and GORSKI, JJ., concur.

Order of suspension entered.