# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**404**

**OP 12-01976**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF GARY D. CUDA, PETITIONER,

V                                                    MEMORANDUM AND ORDER

HON. MICHAEL L. DWYER, RESPONDENT.

---

DOREEN M. ST. THOMAS, UTICA, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul the determination of respondent to revoke petitioner's pistol permit.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his pistol permit. We reject petitioner's contention that he was denied a full and fair opportunity to litigate his claims. "It is well settled that a formal hearing is not required prior to the revocation of a pistol permit [where, as here,] the licensee is given notice of the charges and has an adequate opportunity to submit proof in response" (*Matter of Dlugosz v Scarano*, 255 AD2d 747, 748, *appeal dismissed* 93 NY2d 847, *lv denied* 93 NY2d 809, *cert denied* 528 US 1079; *see Matter of Salem v Geraci*, 27 AD3d 1175, 1176). Petitioner's further contention that the revocation of his permit violates the Second Amendment and the Equal Protection Clause of the United States Constitution is without merit (*see Matter of Demyan v Monroe*, 108 AD2d 1004, 1005). In addition, the court properly denied petitioner's request for his entire pistol permit file (*see Matter of Vale v Eidens*, 290 AD2d 612, 614).

Finally, we reject petitioner's contention that the determination to revoke his permit was arbitrary and capricious. Respondent has broad discretion to resolve factual and credibility issues when determining whether to revoke a pistol permit, and his determination is accorded great weight (*see Matter of Manne v Main*, 8 AD3d 790, 791; *Matter of Gerard v Czajka*, 307 AD2d 633, 633-634). Further, the record establishes that, when petitioner sought to amend his permit to remove certain restrictions, he did not inform the licensing agency that he had been arrested. It is settled that "[t]he failure of [a]

petitioner to report on his [or her] application a prior arrest . . . provide[s] a sufficient basis to deny the application" for a pistol permit (*Matter of DiMonda v Bristol*, 219 AD2d 830, 830).  Thus, respondent properly revoked petitioner's pistol permit on that ground (*see Matter of Cohen v Kelly*, 30 AD3d 170, 170; *Ricatto v Kelly*, 303 AD2d 240, 240).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                 Clerk of the Court