# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**890**

**OP 13-00223**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF CHRISTIAN CURTS, PETITIONER,

V                                                    MEMORANDUM AND ORDER

HON. DOUGLAS A. RANDALL, JUDGE, COUNTY OF MONROE,
RESPONDENT.

---

GALLO & IACOVANGELO, LLP, ROCHESTER (DAVID D. SPOTO OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent. The determination revoked the pistol permit of petitioner.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, after a hearing, revoking his pistol permit. Respondent initially temporarily suspended petitioner's pistol permit after petitioner was arrested for menacing in the second degree (*see* Penal Law § 120.14 [1]). Petitioner was subsequently acquitted of the menacing charge, but respondent nevertheless permanently revoked the permit. We agree with petitioner that the determination is arbitrary and capricious, and constitutes an abuse of discretion inasmuch as the record from the hearing is devoid of any evidence upon which respondent could have based his determination (*see Matter of Papaioannou v Kelly*, 14 AD3d 459, 460; *see generally Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 240). We further agree with petitioner that his due process rights were violated inasmuch as the record from the hearing does not demonstrate that he was afforded the opportunity to review the alleged documentation upon which respondent based his determination (*see LaGrange v Bruhn*, 276 AD2d 974, 975). We therefore annul the determination. We note, however, that our determination does not preclude the commencement of a new revocation proceeding (*see*

*Matter of Demchik v Hannigan*, 182 AD2d 1133, 1133).