# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**670**

**OP 13-02006**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SHAWN A. PARKER, PETITIONER,

V                                                    MEMORANDUM AND ORDER

HON. DOUGLAS A. RANDALL, MONROE COUNTY COURT
JUDGE, RESPONDENT.

---

JAMES L. RIOTTO, II, ROCHESTER, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul the determination of respondent. The determination denied petitioner's application for a pistol permit.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted, and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying his pistol permit application. A licensing officer, such as respondent herein, has broad discretion to grant or deny a permit under Penal Law § 400.00 (1) (*see Matter of Fromson v Nelson*, 178 AD2d 479, 479; *Matter of Covell v Aison*, 153 AD2d 1001, 1002, *lv denied* 74 NY2d 615; *Matter of Anderson v Mogavero*, 116 AD2d 885, 885). Under section 400.00 (4-a), the licensing officer must "either deny the application for reasons specifically and concisely stated in writing or grant the application and issue the license applied for." If the licensing officer denies the application, "[t]he petitioner must be given the specific reasons for the denial . . . and be given an opportunity to respond to the objections to [his] application" (*Matter of Savitch v Lange*, 114 AD2d 372, 373; *see Matter of Anderson v Mulroy*, 186 AD2d 1045, 1045; *see also Matter of DiMonda v Bristol*, 219 AD2d 830, 831). Here, although respondent issued two written decisions denying petitioner's application—a preliminary, prehearing decision and a final, posthearing decision—he never provided a reason for the denial, despite a specific request from petitioner to do so. Thus, respondent failed to comply with the requirement set forth in section 400.00 (4-a). We therefore annul the determination and remit the matter to respondent to provide petitioner "with the specific reasons . . . for the denial of [his] application . . . and [to] afford [him] the opportunity to present evidence in response" (*Savitch*, 114 AD2d at 373; *see Anderson*, 186 AD2d at 1045). After receipt and review of any such evidence, respondent shall

make a new determination on petitioner's application (*see Savitch*, 114
AD2d at 373).