Matter of Zeltins v Cook (2019 NY Slip Op 07158)





Matter of Zeltins v Cook


2019 NY Slip Op 07158


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


782 OP 18-02035

[*1]IN THE MATTER OF ANDIS R. ZELTINS, PETITIONER,
H
v
ON. JASON L. COOK, RESPONDENT. 






LAW OFFICE OF BRIAN T. STAPLETON, ESQ., WHITE PLAINS (BRIAN T. STAPLETON OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent. The determination denied the application of petitioner for a pistol permit. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying his pistol permit application. We reject petitioner's contention that the determination is arbitrary and capricious. "The State has a substantial and legitimate interest and[,] indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (Matter of Galletta v Crandall, 107 AD3d 1632, 1632 [4th Dept 2013] [internal quotation marks omitted]). A licensing officer, such as respondent, "has broad discretion to grant or deny a permit under Penal Law § 400.00 (1)" (Matter of Parker v Randall, 120 AD3d 946, 947 [4th Dept 2014]) " and may do so for any good cause' " (Galletta, 107 AD3d at 1632).
Although there were several factors that militated in favor of granting petitioner's application, we cannot conclude that respondent abused his discretion in denying the application after considering petitioner's criminal history (see id. at 1633; see also Matter of Jackson v Anderson, 149 AD3d 933, 934 [2d Dept 2017]; Matter of Kelly v Klein, 96 AD3d 846, 847 [2d Dept 2012]) and a recent incident where petitioner's girlfriend had sought police intervention while in the midst of an argument with petitioner (see Matter of Nash v Nassau County, 150 AD3d 1120, 1121 [2d Dept 2017]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court