Matter of Goldstein v Schwartz (2020 NY Slip Op 04165)





Matter of Goldstein v Schwartz


2020 NY Slip Op 04165


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-05590

[*1]In the Matter of Tzvi H. Goldstein, petitioner,
v
Larry J. Schwartz, etc., respondent. Tzvi H. Goldstein, Airmont, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Jonathan D. Conley of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Larry J. Schwartz, an Acting Justice of the Supreme Court, Rockland County, dated January 18, 2019, which denied, without a hearing, the petitioner's application for an unrestricted pistol permit and enjoined the petitioner from applying for an unrestricted pistol permit for one year.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as enjoined the petitioner from applying for an unrestricted pistol permit for one year is annulled, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.
In October 2018, the petitioner applied to have the restrictions removed from his pistol permit and for an unrestricted pistol permit under Penal Law § 400.00(2)(f). This application was denied in November 2018. In December 2018, the petitioner again applied for an unrestricted pistol permit. On January 18, 2019, the respondent denied this application and enjoined the petitioner from applying for an unrestricted pistol permit for one year. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review this determination.
"A [pistol] licensing officer has broad discretion in determining whether proper cause exists for the issuance of a carry concealed license" (Matter of McCarthy v Sini, 172 AD3d 1069, 1070 [internal quotation marks omitted]). "A licensing officer's determination will not be disturbed unless it is arbitrary and capricious" (id. at 1070). Here, contrary to the petitioner's contention, the respondent's determination that there was not a proper cause to issue him an unrestricted pistol permit was not arbitrary and capricious (see id.; Matter of Bando v Sullivan, 290 AD2d 691, 693).
However, the licensing officer was without authority to bar the petitioner from re-applying for an unrestricted pistol permit for one year. A party may forfeit the right to access to the courts if he or she "abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (see Matter of Graham v Rawley, 145 AD3d 721, 722-723). Here, however, the injunction was not imposed by a court but by a judge acting as a licensing officer (see Penal Law § 265.00[10]) in a quasi judicial capacity (see McGreevy v Casale, 147 Misc 2d 534, 536 [Sup Ct, Rensselaer County]). The issuance of the injunction was beyond the scope of his powers to either deny or grant the application (see Penal Law § 400.00[4-a]).
The petitioner's remaining contentions are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court