Matter of Bly v Boller (2021 NY Slip Op 04298)





Matter of Bly v Boller


2021 NY Slip Op 04298


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


326 OP 20-00844

[*1]IN THE MATTER OF DAVID M. BLY, PETITIONER,
H
v
ON. M. WILLIAM BOLLER, ACTING SUPREME COURT JUSTICE, RESPONDENT. 






DIPASQUALE & CARNEY, LLP, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent. The determination denied the application of petitioner for a firearms license. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this original CPLR article 78 proceeding pursuant to CPLR 506 (b) (1) seeking to annul the determination of respondent denying petitioner's application for a firearms license. Contrary to petitioner's contention, the determination is not arbitrary and capricious. "A licensing officer has broad discretion in determining whether to grant or deny a permit under Penal Law § 400.00 (1)" (Matter of Papineau v Martusewicz, 35 AD3d 1214, 1214 [4th Dept 2006]; see Matter of Bly v Boller, 164 AD3d 1618, 1618 [4th Dept 2018]). Here, petitioner failed to report three prior arrests on his application, and "[t]he failure of [a] petitioner to report on his [or her] application [a] prior arrest[] provide[s] a sufficient basis to deny the application" (Papineau, 35 AD3d at 1214; see Bly, 164 AD3d at 1618; Matter of DiMonda v Bristol, 219 AD2d 830, 830 [4th Dept 1995]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court