Matter of Bradstreet v Randall (2023 NY Slip Op 02230)

Matter of Bradstreet v Randall

2023 NY Slip Op 02230

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

307 OP 22-01868

[*1]IN THE MATTER OF ADAM BRADSTREET, PETITIONER,
H
v
ON. DOUGLAS A. RANDALL, AS MONROE COUNTY COURT JUDGE, RESPONDENT. 

MICHAEL J. WITMER, ROCHESTER, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b]) to review a determination of respondent. The determination revoked petitioner's firearm license. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent revoking his firearm license. Contrary to petitioner's contention, we conclude that the determination is not arbitrary and capricious. A licensing officer, such as respondent, is vested with broad discretion in determining whether to revoke a permit (see Matter of Gurnett v Bargnesi, 147 AD3d 1319, 1320 [4th Dept 2017], appeal dismissed 29 NY3d 1019 [2017], lv denied 30 NY3d 902 [2017], cert denied — US —, 138 S Ct 1300 [2018]). Furthermore, "[a] licensing officer's factual findings and credibility determinations are entitled to great deference" (Matter of Sibley v Watches, 194 AD3d 1385, 1389 [4th Dept 2021], lv denied 37 NY3d 1131 [2021], rearg denied 38 NY3d 1006 [2022]; see Matter of Cuda v Dwyer, 107 AD3d 1409, 1410 [4th Dept 2013]). Here, the record before the licensing officer demonstrated that petitioner engaged in unsafe firearm practices by leaving his weapon unsecured in the residence of his girlfriend despite the fact that she had repeatedly taken hold of the weapon and threatened to harm him or herself with it. "[T]he exercise of poor judgment in the handling of a weapon is a sufficient ground for revocation of a pistol permit" (Matter of Maye v Dwyer, 295 AD2d 890, 890 [4th Dept 2002], appeal dismissed 98 NY2d 764 [2002] [internal quotation marks omitted]). Further, respondent credited a police officer's testimony, which was based on a police investigation of petitioner, that petitioner was involved in altercations with his girlfriend, including incidents in which he attacked her and caused her to fear for her safety. To the extent that petitioner's girlfriend testified that she never feared petitioner, that testimony created issues of credibility for respondent to resolve (see Matter of Kerr v Teresi, 91 AD3d 1153, 1154 [3d Dept 2012]; see generally Sibley, 194 AD3d at 1389).
Finally, we conclude that petitioner's contention that respondent acted unconstitutionally in light of the United States Supreme Court's recent decision in New York State Rifle & Pistol Association, Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]) and the recent legislative amendments to Penal Law § 400.00 is without merit (see generally Matter of Chomyn v Boller, 137 AD3d 1705, 1706-1707 [4th Dept 2016], appeal dismissed 27 NY3d 1119 [2016], lv denied 28 NY3d 908 [2016]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court