Matter of Nagi v Barrett (2024 NY Slip Op 05691)

Matter of Nagi v Barrett

2024 NY Slip Op 05691

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
704
OP 24-00740

 

[*1]IN THE MATTER OF SALEM NAGI, PETITIONER,
 
V MEMORANDUM AND ORDER
 
v
MELISSA L. BARRETT, AS ACTING JUDGE
OF THE MONROE COUNTY COURT, RESPONDENT.
 
THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENT.
 
 

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent. The determination denied the application of petitioner for a pistol permit.
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding pursuant to CPLR 506 (b) (1) seeking to annul the determination of respondent, following a hearing, denying his application for a concealed carry pistol and semi-automatic rifle license.
A firearm "licensing officer, such as respondent, has broad discretion to grant or deny a permit under Penal Law § 400.00 (1)," and the "officer's factual findings and credibility determinations are entitled to great deference" (Matter of Sibley v Watches, 194 AD3d 1385, 1388-1389 [4th Dept 2021], lv denied 37 NY3d 1131 [2021], rearg denied 38 NY3d 1006 [2022] [internal quotation marks omitted]; see Matter of Cuda v Dwyer, 107 AD3d 1409, 1410 [4th Dept 2013]). "Where an applicant challenges a determination that either revokes a firearm license or denies an application for a firearm license, the court can only review whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary and capricious" (Matter of Kantarakias v Hyun Chin Kim, 226 AD3d 1020, 1021 [2d Dept 2024] [internal quotation marks omitted]; see Matter of Bradstreet v Randall, 215 AD3d 1271, 1271 [4th Dept 2023]). Contrary to petitioner's contention, the substantial evidence standard of review does not apply to respondent's determination, which did not involve a quasi-judicial hearing (see generally Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758 [1991]; Brennan v Green, 167 AD3d 1482, 1482 [4th Dept 2018]). Here, applying the correct standard, we conclude that the determination was not "made in violation of lawful procedure, . . . affected by an error of law or . . . arbitrary and capricious" (CPLR 7803 [3]; see Matter of Wilson v New York City Police Dept. License Div., 115 AD3d 552, 552 [1st Dept 2014]).
Petitioner also contends that respondent denied his application based on subjective and other impermissible factors. We reject that contention. Here, the firearm license application form submitted by petitioner asked, in accordance with Penal Law § 400.00 (1) (b) and (o), whether petitioner had "ever been interviewed by any police officer, sheriff deputy, or any other [l]aw [e]nforcement official in relationship to any incident [or] crime," to which petitioner answered "NO." The subsequent investigation of petitioner's application uncovered multiple instances in which petitioner had been interviewed by law enforcement officials, including one in [*2]which he was accused of threatening to shoot and kill his tenant. Thus, petitioner violated the fundamental and objective requirement in Penal Law § 400.00 (1) that "all statements in a proper application for a license are true," which was a sufficient basis for respondent to deny the application (see Wilson, 115 AD3d at 552). Petitioner's subsequent attempts to explain his untruthful answer in his application merely presented issues of credibility that respondent was entitled to resolve against petitioner (see generally Sibley, 194 AD3d at 1389).
Further, to the extent that petitioner contends that certain aspects of the licensing eligibility requirements of Penal Law § 400.00 (1) unconstitutionally infringe upon his right to bear arms under the Second Amendment (US Const, 2d Amend), petitioner's "claim for relief is not properly before this Court in an original proceeding pursuant to CPLR article 78, as a declaratory judgment action is the proper vehicle for challenging the constitutionality of a statute" (Matter of Sherr v Everett, 228 AD3d 872, 875 [2d Dept 2024]; see Sibley, 194 AD3d at 1388).
We have considered petitioner's remaining contentions and conclude that none warrants annulment of the determination or other relief.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court