■ In the Matter of CRAIG BUDDE, Appellant, v ISAAC RUBIN, as Licensing Officer of Westchester County, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner's pistol permits, petitioner appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered December 11, 1981, which dismissed the petition. Judgment affirmed, without costs or disbursements. A CPLR article 78 proceeding against a Supreme Court Justice or a County Court Judge must be commenced in the Appellate Division (see CPLR 506, subd [b], par 1; *Matter of B. T. Prods. v Barr,* 44 NY2d 226, 234). However, we will consider the instant appeal by petitioner as if it were an original application to this court (see *Matter of Snee v County Court of County of Cayuga,* 31 AD2d 303, 308; *Matter of Nolan v Court of General Sessions,* 15 AD2d 78, 79-80, affd 11 NY2d 114). We find that the revocation of petitioner's pistol permits was not arbitrary or capricious nor an abuse of discretion (see *Matter of St.-Oharra v Colucci,* 67 AD2d 1104). Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.

■ In the Matter of W. SHELBY COATES et al., Respondents-Appellants, v PLANNING BOARD OF THE INCORPORATED VILLAGE OF BAYVILLE, Appellant-Respondent. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the Planning Board of the Incorporated Village of Bayville which imposed certain conditions upon the final approval of petitioners' application to partition their property, the board appeals from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), dated July 1, 1981, as annulled that portion of its determination which required petitioners to pay a 3% recreation fee and widen and pave the roadway adjoining their property to a width of 20 feet, and petitioners cross-appeal from so much of the same judgment as confirmed that portion of the board's determination which required petitioners to pay a $500 engineering fee, a $100 clerical fee, and a $500 legal fee, and file detailed drainage information and install drainage structures. Judgment modified, on the law, by deleting therefrom the second decretal paragraph and substituting therefor a provision confirming that portion of the board's determination which required petitioners to widen and pave the roadway adjoining their property to a width of 20 feet. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The planning board did not abuse its discretion in requiring petitioners to widen and pave the road, and, accordingly, Special Term erred when it annulled that portion of the determination. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.