■ In the Matter of DAVID S. LOTHROP, Petitioner, v HARRY EDELSTEIN, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent dated March 15, 1984, which, after a hearing, refused to reinstate petitioner's license to carry a pistol.

Proceeding dismissed, without costs or disbursements.

It is uncontradicted on the record that Judge Edelstein, the respondent here whose determination is under review, was never personally served in the instant proceeding. Petitioner served only the Attorney-General's office. Jurisdiction has not been obtained against Judge Edelstein, and the proceeding against him must, therefore, be dismissed (see, CPLR 7804 [c]; *Matter of Jones v Coughlin,* 87 AD2d 953).

Were we to reach the merits, we would find that Judge Edelstein's determination not to reinstate petitioner's license was neither arbitrary, capricious nor an abuse of discretion, but was supported by substantial evidence in the record. Petitioner was involved in a number of domestic disputes over a period of many months, some of which involved complaints of assaultive behavior, and at least one of which concerned the destruction of personal property. It further appears that petitioner's license was suspended following an attempted suicide, albeit not involving a firearm. Given this pattern of behavior, it cannot be said that the refusal to reinstate the license was error. Brown, J. P., Weinstein, Niehoff and Rubin, JJ., concur.