■ In the Matter of WILLIAM J. SCHNELL, Appellant, v ANDREW J. SPANO, as County Clerk of Westchester County, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, the County Clerk and a Judge of the County Court of Westchester County, which denied the petitioner's application for a pistol license, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered September 5, 1985, which dismissed the petition.

Judgment vacated and appeal dismissed.

The notice of appeal and supporting papers are deemed to be a notice of petition and petition to review the determination of the respondents, denying the petitioner a pistol license, and upon said application, determination confirmed and proceeding dismissed on the merits.

The respondents are awarded one bill of costs.

A CPLR article 78 proceeding against a Supreme Court Justice or a County Court Judge must be commenced in the Appellate Division *(see, Matter of Nolan v Lungen,* 61 NY2d 788). However, we may consider the instant appeal by the petitioner as if it were an original application to this court *(see, Matter of Budde v Rubin,* 89 AD2d 1016). The petitioner was convicted of unlawful entry committed when he was 19 years old. Pursuant to Penal Law § 265.00 (17), unlawful entry into a building is a "serious offense". Penal Law § 400.00 (1) provides that no firearm license shall be issued to an applicant who has been convicted of a serious offense. Moreover, the petitioner was convicted in 1982 of driving while impaired and in 1983 of driving while intoxicated. The latter conviction stemmed from an arrest occurring only several weeks prior to the submission by the petitioner of the pistol licensing application. In light of these facts, the denial of a pistol license to the petitioner was not arbitrary, capricious, or an abuse of discretion. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.