■ In the Matter of MARK S. SILINOVICH, Petitioner, v FRANCIS J. VOGT, as Ulster County Judge, Respondent. [599 NYS2d 694] —Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a pistol permit.

Upon being charged with the crime of assault in the third degree, petitioner's pistol permit was revoked. Petitioner did not challenge the revocation. When the charge was ultimately dismissed, petitioner applied to have his permit restored. Respondent denied this application on the basis of petitioner's criminal record. Petitioner then commenced this CPLR article 78 proceeding claiming that respondent's determination was arbitrary and capricious.

Pursuant to Penal Law § 400.00 (1), a permit cannot be issued or renewed if the applicant has been "convicted anywhere of a felony or a serious offense". Part of petitioner's criminal record shows a conviction in 1985 for criminal possession of stolen property in the third degree. This crime is specifically defined as a serious offense in Penal Law § 265.00 (17) (b).* Under the circumstances, the denial of petitioner's application was mandatory (see, Matter of Covell v Aison, 153 AD2d 1001, lv denied 74 NY2d 1001; Matter of Schnell v Spano, 120 AD2d 669). The fact that petitioner may have once had a permit is not significant given that that permit was erroneously granted. Moreover, based on the record before us,

---

* Although criminal possession of stolen property is now a class D felony, in 1985 it was a class A misdemeanor (Penal Law former § 165.40). Even in 1985, however, this crime was a serious offense as defined in Penal Law § 265.00 (17) (b).

it was not arbitrary, capricious or an abuse of discretion for respondent to deny the application *(see, Matter of Fromson v Nelson,* 178 AD2d 479; *Matter of Covell v Aison, supra; Matter of Schnell v Spano, supra; Matter of Colin v People,* 92 AD2d 697, 698).

Weiss, P. J., Yesawich Jr., Levine, Mercure and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.