■ DONALD K. FERRICK, Appellant, v STATE OF NEW YORK et al., Respondents. [605 NYS2d 716] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In these related actions, plaintiffs Ferrick and Hahn appeal from orders of Supreme Court, dismissing their complaints. Both plaintiffs had sought declaratory and injunctive relief in connection with defendants' refusal to issue unrestricted handgun licenses to them.

We agree with Supreme Court's determination that a CPLR article 78 proceeding is the appropriate vehicle to challenge the denial of their requests for unrestricted licenses. The fact that plaintiffs are challenging a purported "policy" of defen-

dants does not make a declaratory judgment action the proper means to test that policy. Since relief is available to plaintiffs in an article 78 proceeding, a declaratory judgment action is inappropriate *(see, Jackson v Biderman,* 151 AD2d 400).

Supreme Court also correctly concluded that it lacked subject matter jurisdiction because the proceedings are against a County Court Judge *(see,* CPLR 506 [b] [1]; *Matter of Nolan v Lungen,* 61 NY2d 788, 790). Plaintiffs' challenges to County Court's refusal to issue unrestricted pistol licenses to them must be initiated in the Appellate Division *(see, Matter of Schnell v Spano,* 120 AD2d 669; *Matter of Ehrlich,* 99 AD2d 545; *Matter of Budde v Rubin,* 89 AD2d 1016).

The issues raised by plaintiffs are not moot. Although Judge Rogowski no longer holds the position of pistol licensing officer, a genuine controversy remains *(see generally, Matter of Anonymous v New York City Health & Hosps. Corp.,* 70 NY2d 972; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713). Despite the Judge's replacement, plaintiffs continue to hold restricted pistol licenses and they continue to maintain that the imposition or enforcement of those restrictions is contrary to law. Further, it is apparent that the action was brought against Judge Rogowski in his official capacity as Pistol Licensing Officer. Because the Judge was sued in his official capacity, there was no necessity to name him as a defendant *(see,* CPLR 1023; *Matter of Travel House v Grzechowiak,* 31 AD2d 74, 82, *affd* 24 NY2d 1034). It is also clear that the matter should be permitted to proceed, even though the office previously held by Judge Rogowski is now occupied by another Judge *(see,* CPLR 1019; *Matter of Travel House v Grzechowiak, supra,* at 82-83; 6 NY Jur 2d, Article 78 and Related Proceedings, §§ 169, 219).

The court properly determined that the State was not a proper party and dismissed the action against the State with prejudice. The County Clerk, however, is a necessary party and the actions were improperly dismissed with prejudice against him on the ground that he was not a proper party. Plaintiffs contend that the State is a proper party to this action because the Judge derived his authority as licensing officer from the State and was acting as the State's agent when he issued their restricted licenses. The State of New York, however, is not a "body or officer" against whom an article 78 proceeding may be brought *(see,* 6 NY Jur 2d, Article 78 and Related Proceedings, § 175). Similarly, the State is not a "person" subject to suit under 42 USC § 1983 *(see, Will v Michigan Dept. of State Police,* 491 US 58). The

County Clerk, on the other hand, is a proper party to the instant proceedings *(see,* CPLR 7803; *D.B.C.G., Inc. v Town of Ramapo,* 97 AD2d 533; *see generally, People ex rel. Title Guar. & Trust Co. v Ruoff,* 159 App Div 819; 6 NY Jur 2d, Article 78 and Related Proceedings, § 176).

We modify, therefore, by dismissing the actions against the County Clerk without prejudice. (Appeal from Order of Supreme Court, Erie County, Sedita, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.