■ WALTER WASKIEWICZ, Petitioner, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [622 NYS2d 240] —Determination of respondent New York City Police Department, dated August 2, 1993, revoking petitioner's target pistol license and rifle/shotgun permit, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Herman Cahn, J.], entered June 24, 1994) is dismissed, without costs.

Testimony adduced at the hearing provided substantial evidence to support the Hearing Officer's determination that

petitioner's target pistol license and rifle/shotgun permit be revoked. Petitioner was arrested twice for assaulting his wife, once in 1984 and once in 1990, and in both instances, petitioner's wife obtained protective orders against him. Moreover, evidence demonstrated that petitioner and his wife engaged in volatile arguments which had become physical. Thus, the Hearing Officer correctly found that petitioner does not have the proper temperament to maintain a gun license. In light of the State's " 'substantial and legitimate interest * * * in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument' " *(Matter of Lipton v Ward,* 116 AD2d 474, 477), it cannot be said that the agency's determination was improper.

Moreover, petitioner was not denied due process because the Hearing Officer who presided over petitioner's *de novo* hearing had also presided at his original hearing. This claim is purely speculative and unsupported by any evidence. In any event, the Supreme Court has ruled that agency examiners are not precluded from sitting on a hearing because "they ruled strongly against a party in the first hearing" *(Labor Bd. v Donnelly Garment Co.,* 330 US 219, 237). We have considered petitioner's other claims and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Nardelli and Tom, JJ.