■ In the Matter of COUNTY OF WESTCHESTER, Respondent, v FRANK D'AMBROSIO, Appellant. [663 NYS2d 886] —Purported appeal by Frank D'Ambrosio from an order of the County Court, Westchester County (Murphy, J.), entered July 9, 1996, which, after a hearing, granted the petitioner's application to revoke his pistol permit.

Ordered that the appeal is dismissed, with costs.

The appropriate procedure to seek review of a determination of a County Court Judge, acting in his administrative capacity as the firearms licensing officer for Westchester County under Penal Law § 400.00 (11) and § 265.00 (10), is not by direct appeal but by commencement of a CPLR article 78 proceeding in the Appellate Division (*see,* CPLR 7801, 506 [b] [1]; *Matter of Schnell v Spano*, 120 AD2d 669). The instant purported appeal must be dismissed. It cannot be converted to an original application to this Court because the County Court Judge who made the determination is a necessary party, and was not named or served (*see, Matter of Greenspan v O'Rourke*, 27 NY2d

846; *Matter of Rego Park Nursing Home v State of New York, Dept. of Health/Bur. of Residential Health Care Facility Reimbursement*, 160 AD2d 923, *affd* 77 NY2d 942, *for reasons stated below*).

Were we to reach the merits, we would confirm the determination. Contrary to the licensee's contention, the dismissal of the criminal charges against him alleging possession of a gambling device and promoting gambling did not bar the County of Westchester from applying to the county licensing officer to revoke his pistol permit (*see, Matter of Saccoccio v Lange*, 194 AD2d 794). The determination on the question of the appellant's moral character as it reflects upon his fitness to carry a firearm (*see*, Penal Law § 400.00 [1] [a]) was not arbitrary, capricious, or an abuse of discretion, and was supported by the record. Miller, J. P., Ritter, Santucci and Florio, JJ., concur.