■ In the Matter of FRED PANARO, Appellant. COUNTY OF WESTCHESTER, Respondent. [673 NYS2d 155] —Purported appeal by Fred Panaro from an order of the County Court, Westchester County (Smith, J.), entered July 7, 1997, which, after a hearing, granted the petitioner's application to revoke his pistol permit.

Ordered that the appeal is dismissed, with costs.

The appropriate procedure for seeking review of a determination of a County Court Judge acting in her administrative capacity as the firearms licensing officer for Westchester County under Penal Law § 400.00 (11) and § 265.00 (10), is not by direct appeal but by commencement of a proceeding pursuant to CPLR article 78 in the Appellate Division (*see,* CPLR 7801, 506 [b] [1]; *Matter of County of Westchester v D'Ambrosio,* 244 AD2d 334; *Matter of Schnell v Spano,* 120 AD2d 669). The instant purported appeal cannot be converted to an original

application to this Court because the County Court Judge who made the determination is a necessary party, and she was not named or served (*see, Matter of County of Westchester v D'Ambrosio, supra; Matter of Lothrop v Edelstein,* 112 AD2d 433). Accordingly, this purported appeal must be dismissed.

In any event, were we to reach the merits, we would confirm the determination. At the hearing on the application to revoke the appellant's permit, there was uncontroverted evidence that he was involved in a deteriorating, emotionally-volatile marriage, that was punctuated by episodes of domestic violence (*see, Matter of Fromson v Nelson,* 178 AD2d 479; *Matter of Lothrop v Edelstein, supra).* Furthermore, coupled with the dearth of any evidence in the record that the appellant, a retired police officer, had any current employment-related or other cognizable need to possess concealed weapons during this period of marital upheaval, the determination revoking his pistol permit was not arbitrary, capricious, or an abuse of discretion. Miller, J. P., Thompson, Joy and McGinity, JJ., concur.