■ In the Matter of RUSSELL J. FINLEY, Petitioner, v EUGENE L. NICANDRI, as County Judge of St. Lawrence County, Respondent. [708 NYS2d 190] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which revoked petitioner's pistol permit.

Based upon the report of a St. Lawrence County Deputy Sheriff regarding petitioner's agitated state while in possession of a loaded pistol when the officer responded to a report of poachers on petitioner's property, respondent issued an order suspending petitioner's pistol permit and notifying petitioner of his right to request a hearing prior to revocation of the permit. The officer who served the order on petitioner reported that petitioner was abusive and made threats against several public officials, including respondent. After a hearing at which documentary evidence was introduced and two Deputy Sheriffs, petitioner, petitioner's mother and petitioner's girlfriend testified, respondent concluded that there was good cause to revoke petitioner's pistol permit and he issued an order of revocation. Petitioner thereafter commenced this CPLR article 78 proceeding to review respondent's determination and Supreme Court transferred the proceeding to this Court.

Inasmuch as respondent derived his authority to revoke a pistol permit from his position as County Judge (*see*, Penal Law § 400.00 [11]), petitioner was required to commence this proceeding in this Court pursuant to CPLR 506 (b) (1) (*see, Matter of B.T. Prods. v Barr*, 44 NY2d 226, 234; *Ferrick v State of New York*, 198 AD2d 822, 823). The defect affects the court's subject matter jurisdiction and, therefore, cannot be waived (*see, Matter of Nolan v Lungen*, 61 NY2d 788). It necessarily follows that, in the absence of subject matter jurisdiction over

the proceeding, Supreme Court lacked the authority to exercise the transfer power conferred by CPLR 7804 (g). Nevertheless, we will treat the proceeding as though it originated in this Court (*see, Matter of Schnell v Spano*, 120 AD2d 669).

"The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Pelose v County Court*, 53 AD2d 645, *appeal dismissed* 41 NY2d 1008; *accord, Waskiewicz v New York City Police Dept.*, 211 AD2d 603, 604). Respondent is therefore "vested with broad discretion" in determining whether to revoke a pistol permit and "his resolution of factual and credibility issues is accorded great weight" (*Matter of Brookman v Dahaher*, 234 AD2d 615, 616). Absent an abuse of discretion, respondent's determination will not be disturbed (*see, id.*, at 616).

The reports and testimony of the Deputy Sheriffs supports the conclusion that petitioner lacks the requisite temperament and character to possess a pistol. Petitioner was afforded ample opportunity to respond to the evidence against him and the testimony he presented to contradict that evidence created questions of credibility for respondent to resolve. In the absence of anything in the record to demonstrate that respondent abused his discretion, the determination must be confirmed.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.