■ In the Matter of DONALD L. HASSIG, Appellant, v EUGENE L. NICANDRI, as St. Lawrence County Judge, Respondent. [768 NYS2d 691]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered July 30, 2002 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition due to lack of subject matter jurisdiction.

In October 2001, petitioner engaged in heated verbal exchanges with the Chief Clerk of the St. Lawrence County Family Court over a matter involving his brother. Subsequently, he was served with an order suspending his pistol permits. Thereafter, respondent presided over an evidentiary hearing resulting in the revocation of petitioner's pistol permits. Petitioner commenced this CPLR article 78 proceeding in Supreme Court, St. Lawrence County, seeking to nullify respondent's decision. Respondent moved to dismiss the petition for lack of subject matter jurisdiction. Supreme Court granted the motion, prompting this appeal.

Initially, we note that inasmuch as respondent's authority to revoke the pistol permits derived from his position as County Judge (*see* Penal Law § 400.00 [11]), the instant proceeding should have been commenced in this Court pursuant to CPLR 506 (b) (1) (*see Matter of Finley v Nicandri*, 272 AD2d 831, 831 [2000]; *Matter of Budde v Rubin*, 89 AD2d 1016 [1982]). This defect, implicating *Supreme Court's* subject matter jurisdiction, cannot be waived (*see Matter of Finley v Nicandri, supra* at 831). Nevertheless, as requested by petitioner, we will treat the proceeding as though it was an original application in this Court and consider the merits (*see id.* at 832; *Matter of Santorelli v District Attorney of Westchester County*, 252 AD2d 504 [1998]; *Matter of Schnell v Spano*, 120 AD2d 669 [1986]; *Matter of Budde v Rubin, supra*; *see also* 6 NY Jur 2d, Article 78 and Related Proceedings § 173).*

Significantly, "respondent is vested with considerable discretion in ruling on a [pistol] permit application and may deny it for any good cause" (*Matter of Vale v Eidens*, 290 AD2d 612, 613 [2002]). Here, after listening to the testimony of petitioner, his brother, the Chief Clerk and two police officers, respondent concluded that petitioner did not possess the temperament necessary to have a pistol permit. Affording deference to respondent in resolving factual and credibility issues, we find no abuse of discretion in the revocation of petitioner's pistol permits (*see Matter of Gerard v Czajka*, 307 AD2d 633 [2003]; *Matter of Finley v Nicandri, supra* at 831).

Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged

---

* Respondent maintains, citing, inter alia, the case of *Matter of Nolan v Lungen* (61 NY2d 788 [1984]), that the petition should be dismissed outright on jurisdictional grounds. However, *Nolan* involved a situation where a party did not name a judge as a respondent (*see* CPLR 506 [b]) and, therefore, under such circumstances, conversion to an original application to the Appellate Division is not possible (*see Matter of County of Westchester v D'Ambrosio*, 244 AD2d 334, 334 [1997]).

that the determination of respondent suspending petitioner's pistol permits is confirmed, without costs, and petition dismissed.