■ In the Matter of Patrick J. Mazzone, Petitioner, v Paul Czajka, as Surrogate of Columbia County, Respondent. [777 NYS2d 812]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Following an evidentiary hearing, respondent found that petitioner lacked the mental stability, temperament and judgment required to possess a handgun and revoked his pistol permit pursuant to Penal Law § 400.00 (11). Petitioner then commenced this CPLR article 78 proceeding to review respondent's determination.

The evidence presented at the revocation hearing showed that petitioner believed that former neighbors were members of an organized crime family who were conspiring with the Columbia County Sheriff's Department to murder him. However, petitioner had not communicated any threats on his life to authorities and no evidence was found of the neighbors' alleged connections to organized crime. The director of the Columbia County Mental Health Center diagnosed petitioner as suffering from a delusional disorder, persecutory type, which manifested itself in beliefs that had no basis in reality. Noting petitioner's pattern of interpersonal conflicts with others and that he carried a pistol while acting out his delusions by conducting his own investigation of the neighbors, the director opined that petitioner genuinely believes his life was threatened and would feel justified in using deadly force to protect himself and, therefore, "[f]or a delusional person to carry a firearm into these situations is a prescription for disaster." Given this evidence, revocation of petitioner's pistol permit was a proper exercise of respondent's broad discretion (see Matter of Hassig v Nicandri, 2 AD3d 1118, 1119 [2003], lv denied 2 NY3d 701 [2004]; Matter of Gerard v Czajka, 307 AD2d 633, 633-634 [2003]; Matter of Finley v Nicandri, 272 AD2d 831, 832 [2000]).

We have reviewed petitioner's remaining contention regarding the timeliness of the hearing and find it to be without merit.

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.