■ In the Matter of MICHAEL R. DALTON, Petitioner, v KAREN A. DRAGO, as Judge of the County Court of Schenectady County, Respondent. [897 NYS2d 661]—

Malone Jr., J. (1) Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a carry and conceal pistol license, and (2) motion to dismiss the proceeding as, among other things, barred by the statute of limitations.

While employed by the Schenectady County Sheriff's office as a correction officer, petitioner applied for a license that would allow him to carry and conceal a pistol or revolver. Respondent initially denied the application on the basis that petitioner was already allowed to carry and conceal weapons due to the nature of his employment. After petitioner requested reconsideration, by letter dated December 18, 2008, respondent again denied the application, stating further that he had failed to show the proper cause necessary to obtain such a license. Petitioner commenced a CPLR article 78 proceeding in Supreme Court challenging respondent's determination and respondent moved to dismiss that proceeding on the basis that Supreme Court did not have subject matter jurisdiction. In July 2009, while that proceeding was pending in Supreme Court, petitioner commenced the instant CPLR article 78 proceeding in this Court to review the determination. Supreme Court dismissed the first proceeding in August 2009 and petitioner did not appeal from that order. Respondent now moves to dismiss the instant proceeding as time-barred and for lack of personal jurisdiction.

The proper procedure for the review of determinations made by respondent as a firearms licensing officer is the commencement of a CPLR article 78 proceeding in this Court (*see* CPLR 506 [b] [1]; 7801; *Matter of Shuler*, 67 AD3d 1020 [2009]). Because such proceeding is governed by a four-month statute of limitations and petitioner commenced this proceeding well beyond that time period, the petition must be dismissed as time-barred (*see* CPLR 217; *Matter of Lehner v Humphreys*, 156 AD2d 867, 868 [1989]). We are not persuaded by petitioner's contention that this proceeding should be deemed timely as a result of the CPLR article 78 proceeding that was improperly, albeit timely, commenced in Supreme Court (*cf. Matter of Finley v Nicandri*, 272 AD2d 831, 831-832 [2000]). The foregoing renders academic that part of respondent's motion alleging lack of personal jurisdiction and, accordingly, we need not address it.

Cardona, P.J., Lahtinen, Stein and Garry, JJ., concur. Adjudged

that motion to dismiss is granted, without costs, and petition dismissed.