# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**214**
**OP 15-01306**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF BOHDAN S. CHOMYN, PETITIONER,

V                                          MEMORANDUM AND ORDER

M. WILLIAM BOLLER, AN ACTING SUPREME COURT JUSTICE
IN HIS CAPACITY AS LICENSING OFFICER FOR PISTOL
PERMITS IN ERIE COUNTY, CHRISTOPHER L. JACOBS, AS
ERIE COUNTY CLERK, AND WILLMER FOWLER, JR., IN HIS
CAPACITY AS PISTOL PERMIT SUPERVISOR, ERIE COUNTY
CLERK'S OFFICE, RESPONDENTS.

---

JAMES OSTROWSKI, BUFFALO, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT M. WILLIAM BOLLER, AN ACTING SUPREME COURT
JUSTICE IN HIS CAPACITY AS LICENSING OFFICER FOR PISTOL PERMITS IN
ERIE COUNTY.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR RESPONDENTS CHRISTOPHER L. JACOBS, AS ERIE COUNTY CLERK,
AND WILLMER FOWLER, JR., IN HIS CAPACITY AS PISTOL PERMIT SUPERVISOR,
ERIE COUNTY CLERK'S OFFICE.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to review a determination of respondents. The determination revoked petitioner's pistol permit.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination revoking his pistol permit. We reject the contention of petitioner that he was denied his right to due process. " 'It is well settled that a formal hearing is not required prior to the revocation of a pistol permit [where, as here,] the licensee is given notice of the charges and has an adequate opportunity to submit proof in response' " (*Matter of Cuda v Dwyer*, 107 AD3d 1409, 1409; *see Matter of Strom v Erie County Pistol Permit Dept.*, 6 AD3d 1110, 1111).

Contrary to petitioner's further contention, we conclude that the determination is neither arbitrary and capricious nor an abuse of discretion. "It is well established that '[a licensing officer] is

vested with broad discretion in determining whether to revoke a pistol permit and may do so for any good cause,' including 'a finding that the petitioner lack[s] the essential temperament or character which should be present in one entrusted with a dangerous instrument . . . , or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit' " (*Matter of Peters v Randall*, 111 AD3d 1391, 1392). Here, petitioner was involuntarily committed to a mental health facility after threatening police officers when they responded to an activated security alarm at his residence, his medical records indicate that he suffered from paranoia and delusions and exhibited poor insight and judgment, and petitioner made incoherent statements and demonstrated aggressive behavior before the Hearing Officer (*see Matter of Mazzone v Czajka*, 8 AD3d 788, 788; *Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645, *appeal dismissed* 41 NY2d 1008).

Finally, petitioner's contention that the revocation of his pistol permit violates his rights under the Second and Fourteenth Amendments of the United States Constitution is without merit (*see Cuda*, 107 AD3d at 1410; *Matter of Kelly v Klein*, 96 AD3d 846, 847-848; *see also Kachalsky v County of Westchester*, 701 F3d 81, 93-101, *cert denied* ___ US ___, 133 S Ct 1806).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court