# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

38

OP 16-00837

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MICHAEL A. GURNETT, PETITIONER,

V                                              MEMORANDUM AND ORDER

JAMES F. BARGNESI, ACTING NIAGARA COUNTY COURT
JUDGE, IN HIS CAPACITY AS LICENSING OFFICER FOR
PISTOL PERMITS IN NIAGARA COUNTY AND INDIVIDUALLY,
RESPONDENT.

---

JAMES OSTROWSKI, BUFFALO, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent. The determination revoked the pistol permit of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination revoking his pistol permit. We reject the contention of petitioner that he was denied his right to due process of law. "It is well settled that a formal hearing is not required prior to the revocation of a pistol permit [where, as here,] the licensee is given notice of the charges and has an adequate opportunity to submit proof in response" (*Matter of Chomyn v Boller*, 137 AD3d 1705, 1706, *appeal dismissed* 27 NY3d 1119, *lv denied* 28 NY3d 908 [internal quotation marks omitted]; *see Matter of Cuda v Dwyer*, 107 AD3d 1409, 1409-1410; *Matter of Strom v Erie County Pistol Permit Dept*., 6 AD3d 1110, 1111). Contrary to petitioner's further contention, we conclude that the determination is neither arbitrary and capricious nor an abuse of discretion (*see Chomyn*, 137 AD3d at 1706). "It is well established that '[a licensing officer] is vested with broad discretion in determining whether to revoke a pistol permit and may do so for any good cause,' including 'a finding that the petitioner lack[s] the essential temperament or character which should be present in one entrusted with a dangerous [weapon] . . . , or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit' " (*Matter of Peters v Randall*, 111

AD3d 1391, 1392; *see Chomyn*, 137 AD3d at 1706). Here, the record before the licensing officer demonstrated that petitioner had been involved in several verbal or physical altercations with his then wife, that the second of such altercations had resulted in petitioner's being charged with harassment in the second degree and the issuance of a temporary order of protection, and that the third had occurred in violation of that temporary order of protection, giving rise to a charge of criminal contempt. Further, the transcript of petitioner's appearance before the licencing officer supports the determination that the petitioner lacked credibility and was not forthcoming about his history of mental health treatment and his apparently ongoing treatment for depression. Finally, to the extent that the contention is properly before us, we conclude that petitioner's contention that the revocation of his pistol permit violates his rights under the Second and Fourteenth Amendments of the United States Constitution is without merit (*see Chomyn*, 137 AD3d at 1706-1707; *Cuda*, 107 AD3d at 1410; *see also Kachalsky v County of Westchester*, 701 F3d 81, 93-101, *cert denied* ___ US ___, 133 S Ct 1806).

Entered: February 3, 2017                                    Frances E. Cafarell
                                                             Clerk of the Court