Matter of Feerick v McGuire (2018 NY Slip Op 01516)





Matter of Feerick v McGuire


2018 NY Slip Op 01516


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

523553

[*1]In the Matter of JOSEPH J. FEERICK, Petitioner,
v
MICHAEL F. McGUIRE, as Sullivan County Judge, Respondent.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Law Office of Brian T. Stapleton, Esq., White Plains (Brian T. Stapleton of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.


Devine, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent denying petitioner's application for a pistol permit.
In November 2015, petitioner applied for a license to "have and possess [a pistol] in his dwelling" (Penal Law § 400.00 [2] [b]). In response to the application's demand for information as to whether he had "ever been arrested, summoned, charged or indicted anywhere for any offense, including DWI (except traffic infractions)," petitioner disclosed that he had previously been charged with driving while ability impaired. The Sullivan County Sheriff investigated the statements in the application pursuant
to Penal Law § 400.00 (4) and learned that petitioner had failed to disclose his full criminal history and had been arrested for, charged with and/or convicted of numerous criminal offenses over the decades. The Sullivan County Sheriff advised respondent, the licensing officer, of the omissions and that two of petitioner's undisclosed convictions disqualified him from obtaining a pistol permit. Respondent, citing petitioner's "prior criminal history and arrest record," then denied the application. Petitioner responded by commencing the present CPLR article 78 proceeding.
"A licensing official 'is vested with considerable discretion in ruling on a permit application and may deny it for any good cause'" (Matter of Falcone v O'Connor, 117 AD3d 1247, 1247 [2014], quoting Matter of Vale v Eidens, 290 AD2d 612, 613 [2002]), and, perceiving no abuse of discretion in the denial here, we confirm. Penal Law § 400.00 (1) (c) provides that no license to carry or possess a firearm will be issued to an applicant "convicted anywhere of a felony or serious offense." Petitioner has been convicted of serious offenses related to his illegal possession of a pistol or other dangerous weapon, namely, 1978 and 1979 convictions for criminal possession of a weapon in the fourth degree (see Penal Law §§ 265.00 [17] [b]; 265.01 [1]). Respondent was therefore obliged to deny the permit application (see Matter of Silinovich v Vogt, 194 AD2d 1030, 1030 [1993]; Matter of Covell v Aison, 153 AD2d 1001, 1002 [1989], lv denied 74 NY2d 615 [1989]). In any event, petitioner's failure to disclose his entire criminal history on the application afforded good cause for respondent to deny it (see Penal Law § 400.00 [1]; Matter of Gonzalez v Lawrence, 36 AD3d 807, 808 [2007]; Matter of Anderson v Mogavero, 116 AD2d 885, 885 [1986]).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.