Matter of Monroe County Fedn. of Social Workers, IUE-CWA Local 381 v Stander (2019 NY Slip Op 01015)





Matter of Monroe County Fedn. of Social Workers, IUE-CWA Local 381 v Stander


2019 NY Slip Op 01015


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


145 OP 18-01519

[*1]IN THE MATTER OF MONROE COUNTY FEDERATION OF SOCIAL WORKERS, IUE-CWA LOCAL 381, PETITIONER,
v
THOMAS A. STANDER, J.S.C., AND COUNTY OF MONROE, RESPONDENTS. 






TREVETT CRISTO P.C., ROCHESTER (MICHAEL T. HARREN OF COUNSEL), FOR PETITIONER. 
HARRIS BEACH PLLC, PITTSFORD (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENT COUNTY OF MONROE. 


 Proceeding pursuant to CPLR article 78 (commenced in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to compel respondent Thomas A. Stander, J.S.C., to render a judgment in the underlying proceeding. 
It is hereby ORDERED that said petition is unanimously dismissed with costs.
Memorandum: Petitioner commenced this original CPLR article 78 proceeding to compel Hon. Thomas A. Stander (respondent), a now retired Supreme Court Justice, to render a judgment in an underlying special proceeding (see CPLR 411). We conclude that the petition must be dismissed. First, the proceeding is untimely. "[W]here, as here, the proceeding is in the nature of mandamus to compel, it must be commenced within four months after refusal by respondent, upon demand of petitioner, to perform its duty' " (Matter of Granto v City of Niagara Falls, 148 AD3d 1694, 1695 [4th Dept 2017]; see CPLR 217 [1]). Here, petitioner made its demand for a judgment in July 2017, and respondent refused that demand by letter to the parties dated December 21, 2017. This proceeding was commenced in August 2018, well beyond the four-month limitations period. Second, the petition is jurisdictionally defective inasmuch as petitioner never obtained personal jurisdiction over respondent (see CPLR 7804 [c]; Matter of Hock v Brennan, 107 AD3d 991, 992 [2d Dept 2013]; Matter of Taylor v Poole, 285 AD2d 769, 770 [3d Dept 2001]; Matter of Lothrop v Edelstein, 112 AD2d 433, 434 [2d Dept 1985]).
Finally, the petition is wholly without merit inasmuch as petitioner is not entitled to mandamus relief. A writ of mandamus "is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Dinsio v Supreme Ct., Appellate Div., Third Jud. Dept., 125 AD3d 1313, 1314 [4th Dept 2015], lv denied 25 NY3d 908 [2015], rearg denied 26 NY3d 1134 [2016]; see Matter of County of Chemung v Shah, 28 NY3d 244, 266 [2016]). CPLR 411 provides that a court "shall direct that a judgment be entered determining the rights of the parties to the special proceeding." A CPLR article 78 proceeding terminates in a judgment even if the document appealed from is denominated an order (see CRP/Extell Parcel I, L.P. v Cuomo, 27 NY3d 1034, 1037 [2016]; Matter of McMillian v Lempke, 149 AD3d 1492, 1493 [4th Dept 2017], appeal dismissed 30 NY3d 930 [2017]). Here, respondent issued a "decision and order" in the underlying proceeding; that paper is deemed a judgment, from which petitioner failed to take a timely appeal (see Matter of Aarismaa v Bender, 108 AD3d 1203, 1204 [4th Dept 2013]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court