Matter of Sang Seok Na v Cohen (2024 NY Slip Op 00359)

Matter of Sang Seok Na v Cohen

2024 NY Slip Op 00359

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 42042/22 Appeal No. 1532 Case No. 2023-03625 

[*1]In the Matter of Sang Seok Na, Petitioner-Appellant,
v
Hon. David B. Cohen etc., et al., Respondents-Respondents.

Sang Seok Na, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence, III of counsel), for respondents.

Petition seeking a writ of prohibition and mandamus to compel against respondents, unanimously denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, Bronx County [Allison Y. Tuitt, J.], entered February 3, 2023), dismissed, without costs.
Petitioner was required to commence this proceeding in this Court pursuant to CPLR 506(b)(1), as it involves claims against a Justice of the Supreme Court, New York County (see Matter of Baba v Evans, 213 AD2d 248, 248 [1st Dept 1995], cert denied 520 US 1254 [1997]). In the absence of subject matter jurisdiction, Supreme Court lacked the authority to exercise the transfer power conferred by CPLR 7804(b). Nevertheless, we exercise our discretion to consider the petition on the merits (see Matter of Finley v Nicandri, 272 AD2d 831, 832 [3d Dept 2000]).
Petitioner is not entitled to a writ of mandamus or prohibition, as he failed to meet his burden of demonstrating a "clear legal right" to the relief sought (see Matter of Council of City of N. Y. v Bloomberg, 6 NY3d 380, 388 [2006]). Rather, the petition seeks to compel respondents to perform discretionary acts, for which mandamus is unavailable (see Matter of Williamsburg Independent People, Inc. v Tierney, 91 AD3d538, 538[1st Dept 2012]; see also Anonymous v Commissioner of Health, 21 AD3d 841, 842 [1st Dept 2005]). Additionally, other adequate remedies at law exist to obtain the relief sought (see Matter of Patel v Shah, 115 AD3d 559, 559-560 [1st Dept 2014], lv denied 23 NY3d 907 [2014]; see also Matter of Kyle v Lebovits, 58 AD3d 521 [1st Dept 2009], lv denied 13 NY3d 765 [2009], cert denied 559 US 938 [2010]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024