Matter of Guthmann (Onondaga County Sheriff's Dept.) (2025 NY Slip Op 02476)

Matter of Guthmann (Onondaga County Sheriff's Dept.)

2025 NY Slip Op 02476

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

251 CA 24-01427

[*1]IN THE MATTER OF STEPHEN F. GUTHMANN, RESPONDENT-APPELLANT, ONONDAGA COUNTY SHERIFF'S DEPARTMENT, PETITIONER-RESPONDENT. 

STEPHEN F. GUTHMANN, RESPONDENT-APPELLANT PRO SE.

 Appeal from an order of the Onondaga County Court (Michael L. Dwyer, A.J.), dated February 20, 2024. The order, inter alia, revoked the pistol license of respondent. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Respondent appeals from an order that, inter alia, revoked respondent's pistol license. "The appropriate procedure for the review of a determination of a County Court Judge, acting in [their] administrative capacity as the firearms licensing officer for the County of [Onondaga] under Penal Law § 400.00 (11) and § 265.00 (10), is not a direct appeal, but the commencement of a CPLR article 78 proceeding in this Court" (Matter of Shuler, 67 AD3d 1020, 1020 [2d Dept 2009]; see CPLR 506 [b] [1]; 7801; Matter of Wiegand v Crandall, 118 AD3d 1355, 1356 [4th Dept 2014]; Matter of Dalton v Drago, 72 AD3d 1243, 1243 [3d Dept 2010]). The appeal "cannot be converted into an original proceeding commenced in this Court since the County Court Judge who made the determination is a necessary party and was not named or served" (Shuler, 67 AD3d at 1020; see Matter of Panaro [County of Westchester], 250 AD2d 616, 616-617 [2d Dept 1998]; Matter of County of Westchester v D'Ambrosio, 244 AD2d 334, 334-335 [2d Dept 1997]). We therefore dismiss the appeal (see Shuler, 67 AD3d at 1020; Panaro, 250 AD2d at 617; D'Ambrosio, 244 AD2d at 334).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court