**Meirowitz v Adams**

2025 NY Slip Op 31510(U)

April 28, 2025

Supreme Court, New York County

Docket Number: Index No. 154999/2025

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **Hon. James d'Auguste**       PART   55

*Justice*

---------------------------------------------------------------------X

SPENCER MEIROWITZ,

                  Plaintiff,

            - v -

HON. SUZANNE J. ADAMS,

                 Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154999/2025 |
| MOTION DATE | 04/11/2025 |
| MOTION SEQ. NO. | 001 002 |

**Decision & Order**

The following e-filed documents, listed by NYSCEF document numbers 11, 14, 15, 16, 17, 18, 19 were read on this motion to/for     STAY (001) CHANGE VENUE (002)    .

Upon review of the foregoing papers, this petition and proposed order to show cause (Motion Seq. No. 001) seeking relief, pursuant to CPLR §7803(3), against respondent, the Administrative Judge for Civil Matters in the First Judicial District, and petitioner's motion (Motion Seq. No. 002) for an order transferring this proceeding to the Third or Fourth Judicial Districts, are advanced and consolidated for decision. Upon such consolidation, the Court declines to sign the proposed order to show cause, petitioner's motion is denied, and this proceeding is dismissed for lack of subject matter jurisdiction in the manner for the reasons set forth below.

Petitioner commenced this proceeding against respondent, seeking an order mandating respondent (an Acting Justice of the Supreme Court) exercise her powers as the Administrative Judge overseeing the Civil Branch of the Supreme Court, New York County, to reassign *Lauren Meirowitz v. Spencer Meirowitz*, New York County Index No. 365107/2019 (the "Underlying Proceeding") to a different Justice.[1] (Proposed Order to Show Cause, NYSCEF Doc. No. 11).

---

[1] The Underlying Proceeding is currently before the Hon. Kathleen Waterman-Marshall, A.J.S.C.

**154999/2025 MEIROWITZ, SPENCER vs. ADAMS, HON. SUZANNE J.**        **Page 1 of 4**
**Motion No. 001**

[* 1]

Petitioner alleges that he has served respondent and the Attorney General, which the Court assumes (expressly without deciding for the purposes of this decision) is true. Regardless, there is no evidence that petitioner has named, let alone served, any other necessary parties from the Underlying Proceeding, as required by CPLR 7804(i).

Because "what is being challenged is the decision-making process of assigning cases, from which [the Court] receive[s] cases," the Court (Frank, J.) did not act upon petitioner's pending request for an order to show cause, and instead recused itself in a written decision dated April 24, 2025 and docketed as NYSCEF Doc. No. 17 (the "Recusal Decision"). Petitioner subsequently filed Motion Seq. No. 002, seeking by notice of motion to reassign this proceeding to a Justice in the Third or Fourth Judicial Districts and beyond respondent's supervisory responsibilities.[2] While there is no indication in the court file that petitioner has served respondent with their motion papers, the Court may dispose of this proceeding without the benefit of papers from respondent in any event. The Court hereby does so.

It is hornbook law that the Court may raise the issue of subject matter jurisdiction *sua sponte, See, 274 E. 175 Realty LLC v. Rodriguez*, 78 Misc. 3d 1231(A), *1 (Civ. Ct., Bronx Co. 2023) (collecting cases). Here, CPLR 506(b)(1) is unequivocal that "a proceeding against a justice of the supreme court…shall be commenced in the appellate division in the judicial department where the action, in the course of which the matter sought to be enforced or restrained originated, is triable," which for these purposes would mean an original proceeding in the Appellate Division, First Department. The Court of Appeals has held as much since at least 1978, when it found that

---

[2] The Third Judicial District is comprised of Albany, Columbia, Greene, Rensselaer, Schoharie, Sullivan, and Ulster Counties, and the Fourth Judicial District is comprised of Clinton, Essex, Franklin, Fulton, Hamilton, Montgomery, St. Lawrence, Saratoga, Schenectady, Warren, and Washington Counties. *See*, Bd. of Regents, New York State Ed. Dept., *District Map*, https://www.regents.nysed.gov/members/findrep (2025) (last accessed Apr. 28, 2025).

**154999/2025 MEIROWITZ, SPENCER vs. ADAMS, HON. SUZANNE J.**
**Motion No. 001**

**Page 2 of 4**

2 of 4

[* 2]

while "[n]ormally, article 78 proceedings are commenced at Special Term," the law differs as to proceeding against judges and judicial proceedings, and "[w]hen such a proceeding is initiated against a Supreme Court Justice or a Judge of a County Court, however, it must be commenced in the Appellate Division." *B.T. Productions v. Barr*, 44 N.Y.2d 226, 234 (1978). The fact that respondent is a Judge of the Civil Court designated as an Acting Justice of the Supreme Court or petitioner is challenging respondent's alleged administrative activities does not change the outcome, as respondent's relevant administrative powers flow from their office as an Acting Justice of the Supreme Court. *See, County of Westchester v. D'Ambrosio*, 244 A.D.2d 334, 334 (2d Dept. 1997) (Article 78 review of County Court Judge's administrative determination of gun license must be brought in the Appellate Division). Given the lack of necessary parties in this proceeding (the adverse party in the underlying action), the Court cannot transfer this proceeding and must instead dismiss it. *See, id.*; and *Finley v. Nicandri*, 272 A.D.2d 831, 831-832 (3d Dept. 2000) (finding that Supreme Court lacked subject matter jurisdiction over what should have been an original proceeding in the Appellate Division).

Even assuming (without deciding) that the Court would have jurisdiction to issue a brief administrative stay to facilitate petitioner's re-commencement in the Appellate Division, the Court would decline to do so considering the Appellate Division's various decisions denying similar relief in the Underlying Proceeding. *See, Meirowitz v. Meirowitz*, 2024 NY Slip Op 78130(U) (1st Dept. 2024) (denying petitioner's CPLR 5704 application to disqualify Justice in the Underlying Proceeding); and *Meirowitz v. Meirowitz*, 2024 NY Slip Op 80384(U), *1 (1st Dept. 2024) (denying subsequent CPLR 5704 application to disqualify Justice in the Underlying Proceeding, "and barring defendant from filing any further applications with [the Appellate Division, First Department] without obtaining leave from [the Appellate Division, First Department]." Given the

154999/2025   MEIROWITZ, SPENCER vs. ADAMS, HON. SUZANNE J.
Motion No. 001

Page 3 of 4

3 of 4

foregoing, it appears that petitioner's application to the Administrative Judge and his current petition before the undersigned are merely impermissible attempts to circumvent these appellate decisions. Thus, even for the limited purpose and duration of re-commencing this action in the appropriate court, the Court would deny even a brief administrative stay as petitioner has not shown any likelihood of success on the merits given the apparent frivolity of his petition.

Accordingly, it is hereby ordered that the Court: (1) declines to sign petitioner's proposed order to show cause in Motion Seq. No. 001; (2) denies petitioner's motion to transfer this proceeding in Motion Seq. No. 002; and (3) dismisses the petition without prejudice for lack of subject matter jurisdiction, with leave to re-commence this proceeding in the Appellate Division, First Department.

This constitutes the Decision and Order of the Court.

| April 28, 2025 | | | | James d'Auguste, J.S.C.[3] |
| DATE | | | | |

CHECK ONE:

| | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |

---

[3] The Court notes its appreciation for the expedited assistance of court attorney Brian Krist, Esq.

**154999/2025 MEIROWITZ, SPENCER vs. ADAMS, HON. SUZANNE J.**
Motion No. 001

Page 4 of 4